UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JONI AMBER JOHNSON, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:22-CV-119-KAC-DCP |
| | ) | | 3:18-CR-137-KAC-DCP-2 |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

A jury convicted Petitioner Joni Amber Johnson of (1) conspiring to kidnap and (2) aiding and abetting a kidnaping, in violation of 18 U.S.C. §§ 1201(a)(1) and (c) [Doc. 69]. The Court sentenced Petitioner to 300 months' imprisonment and five (5) years of supervised release [Doc. 101 at 2-3].[1] The Sixth Circuit affirmed Petitioner's sentence and conviction [Doc. 124]. And the Supreme Court denied her petition for a writ of certiorari [Doc. 129]. Thereafter, Petitioner timely filed a pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" [Doc. 1 in 3:22-CV-119] and "Supplement" [Doc. 5 in 3:22-CV-119]. The United States opposed [Doc. 8 in 3:22-CV-119]. For the below reasons, the Court **DENIES** Petitioner's Section 2255 Petition.

### I. Factual Background

On June 30, 2018, Petitioner and Petitioner's male codefendant drove a black Chevrolet Malibu to the home of Linda Spoon, a seventy-three-year-old resident of Tennessee.

---

[1] Unless otherwise noted, all citations to the record refer to the docket in Petitioner's criminal action, case number 3:18-CR-137.

[Doc. 86 ¶ 16, *sealed].  Petitioner and her codefendant exited the vehicle and forcibly entered Spoon's home [*Id.*, *sealed].  Petitioner held Spoon at gunpoint [*Id.*, *sealed].  Petitioner then bound Spoon's hands and feet together with cords [*Id.*, *sealed].  Petitioner's codefendant "ransacked" Spoon's home, stealing jewelry and knives, among other items [*Id.*, *sealed].  The encounter lasted between twenty (20) and twenty-five (25) minutes [Doc. 124 at 4].  Petitioner and her codefendant then fled Spoon's residence [Doc. 86 ¶ 16, *sealed].  Spoon freed herself and reported the incident to law enforcement, providing descriptions of (1) Petitioner and Petitioner's codefendant and (2) the make and model of the black Chevrolet Malibu [*See* Doc. 124 at 4-5].

On July 18, 2018, a law enforcement officer in Mercer County, West Virginia received a report of six (6) other home invasion robberies involving "a black sedan" and a male and female perpetrator [*See* Doc. 86 ¶¶ 17, 19, *sealed].  The robberies occurred on June 14, 2018; June 29, 2018; July 2, 2018; July 6, 2018; July 11, 2018; and July 17, 2018 [*Id.* ¶¶ 20-29, *sealed].  Victims and eyewitnesses of the home invasion robberies on June 29, July 2, and July 6 relayed that the assailants used a "sedan," "black Chevrolet Malibu," or "Chevrolet Malibu" [*Id.* ¶¶ 21-22, 24, *sealed].  The law enforcement officer also "received an anonymous tip" that Petitioner and her codefendant "were driving a black sedan with an out-of-state registration" [Doc. 124 at 5].  And the officer learned that Petitioner and her codefendant had pawned suspected stolen items at Mercer County pawn shops [Doc. 86 ¶ 17, *sealed].  As luck would have it, as a law enforcement officer drove to one Mercer County pawn shop, that officer observed Petitioner and her codefendant driving a black Chevrolet Malibu [*Id.*, *sealed].  The officer reviewed the pawn shop's surveillance footage, which showed Petitioner and her codefendant pawning several knives [*Id.*, *sealed].  One of those knives had a Tennessee phone number inscribed on it [*Id.*, *sealed].

2

Law enforcement learned that Petitioner's codefendant had an active Tennessee arrest warrant [*Id.*, *sealed*]. An arrest warrant had also been issued for Petitioner [Doc. 124 at 5].

On July 19, 2018, law enforcement located the black Chevrolet Malibu "operated by" Petitioner and Petitioner's codefendant [Doc. 86 ¶ 17, *sealed*]. Law enforcement arrested Petitioner's codefendant, but Petitioner fled the scene in a white truck [Doc. 124 at 5]. A search of the black Chevrolet Malibu revealed several stolen items and a receipt with Petitioner's name on it [Docs. 86 ¶ 17, *sealed*; 124 at 5]. On July 20, 2018, officers located the white truck in which Petitioner fled and arrested Petitioner [Doc. 86 ¶ 18, *sealed*]. The truck contained a knife that belonged to Spoon's husband [*Id.*, *sealed*]. Officers also discovered that Petitioner's codefendant pawned jewelry belonging to Spoon at another Mercer County pawn shop [*Id.*, *sealed*].

A federal Grand Jury charged Petitioner and her codefendant with (1) conspiring to kidnap and (2) aiding and abetting a kidnaping, in violation of 18 U.S.C. §§ 1201(a)(1) and (c) [Doc. 1]. Petitioner did not file any pretrial motions. After a three (3) day trial, a jury convicted Petitioner and her codefendant [Doc. 69]. At Petitioner's sentencing hearing, the United States called a Jefferson County, Tennessee law enforcement officer who testified about two (2) of the uncharged home invasion robberies allegedly committed by Petitioner and her codefendant [*See* Doc. 111 at 22]. The Court sentenced Petitioner to 300 months' imprisonment and a five-year (5-year) term of supervised release [Doc. 101 at 2-3].

Petitioner timely appealed her sentence and conviction. She argued that (1) the United States failed to prove all of the elements of each of the offenses, (2) the Court abused its discretion in providing certain jury instructions, and (3) her sentence was unreasonable [Doc. 124 at 6-7]. The Sixth Circuit affirmed Petitioner's conviction and sentence [*Id.* at 22]. Petitioner then filed a petition for a writ of certiorari, which the Supreme Court denied [Doc. 129].

Afterwards, Petitioner filed the instant Section 2255 Petition, raising eight (8) claims for relief [Docs. 131; 5 in case number 3:22-CV-119]. ***First***, Petitioner alleged that law enforcement in West Virginia arrested Petitioner "on a Tennessee warrant that wasn't signed by a judge," rendering her arrest and the evidence seized "illegal" [Doc. 131 at 4]. Petitioner asserted that her appellate attorney "was aware" of this fact but "wouldn't raise the issue" before the Sixth Circuit [*Id.*; Doc. 5 at 4 in case number 3:22-CV-119]. ***Second***, Petitioner alleged that trial counsel was "ineffective" because he "failed to file any motions to dismiss" based on her "illegal arrest" [Docs. 131 at 7; 5 at 5 in case number 3:22-CV-119]. ***Third***, Petitioner alleged that her trial "[a]ttorney failed to file motions to suppress illegally seized evidence" from her purportedly illegal arrest [Docs. 131 at 9; 5 at 6-7 in case number 3:22-CV-119]. ***Fourth***, Petitioner alleged that her trial "attorney failed to give [her] all discovery Brady material" [Docs. 131 at 10, 12; 5 at 8-9 in case number 3:22-CV-119]. ***Fifth***, Petitioner alleged that her trial "attorney refused to let [her] view all of the discovery" [Docs. 131 at 12; 5 at 9 in case number 3:22-CV-119]. ***Sixth***, Petitioner alleged that her trial attorney "allowed U.S. and law enforcement to withhold evidence from [the] jury [sic]," specifically "eyewitness statements, descriptions of other perpetrators to the crimes" [Docs. 131 at 5, 12; 5 at 9, 15 in case number 3:22-CV-119]. ***Seventh***, Petitioner alleged that her trial "attorney allowed Federal law enforcement and the U.S. Attorney to fabricate and change eyewitnesses [sic] statements and descriptions" [Docs. 131 at 5; 5 at 15 in case number 3:22-CV-119]. ***Finally***, Petitioner alleged that an officer who testified at her sentencing hearing "committed perjury" by testifying that he "cut duct tape off of" a victim when that victim "told [the] court in a preliminary court hearing that he himself cut off [the] duct tape" [Docs. 131 at 4-5; 5 at 15-16 in case number 3:22-CV-119].

The United States opposed the Petition, asserting that Petitioner's first and eighth claims are procedurally defaulted and that her remaining claims fail to establish that Petitioner's attorney provided ineffective assistance [Doc. 8 at 4, 6 in case number 3:22-CV-119].

II.     **Standard of Review**

Under 28 U.S.C. § 2255(a), a federal prisoner may move to vacate, set aside, or correct her judgment of conviction and sentence based on claims that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain post-conviction relief under Section 2255, Petitioner bears the burden to show: (1) "an error of constitutional magnitude;" (2) "a sentence imposed outside the statutory limits;" or (3) "an error fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2004) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). "[A]n error of constitutional magnitude" is one that has a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). A successful Section 2255 Motion "must clear a significantly higher hurdle than would exist on direct appeal" by showing a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citations and quotations omitted).

Rule 2(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a Section 2255 petition to "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground." Rule 2(b), Rules Governing Section 2255

5

Proceedings in the United States District Courts. The Court liberally construes a pro se Section 2255 petition. *See McCormick v. Butler*, 977 F.3d 521, 528 (6th Cir. 2020). "But the liberal-construction rule does not 'abrogate basic pleading essentials,' such as the requirement that a § 2255 petitioner state the factual bases underpinning every claim for relief." *Jimenez v. United States*, No. 21-5201, 2022 WL 2610337, at *3 n.3 (6th Cir. July 8, 2022) (internal citation omitted). Under Rule 8, "the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is required." Rule 8(a), Rules Governing Section 2255 Proceedings in the United States District Courts. The Court need not hold an evidentiary hearing "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "[C]onclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." *Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022) (quoting *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013)).

### III. Analysis

No evidentiary hearing is required to assess Petitioner's Section 2255 Petition. Petitioner's allegations are largely "conclusions rather than statements of fact," which do not provide a valid basis for Section 2255 claims. *See Valentine*, 488 F.3d at 333 (quoting *Arredondo*, 178 F.3d at 782). The Court therefore proceeds on the existing record.

#### A. Petitioner Failed To Show That Counsel Provided Ineffective Assistance.

Liberally construing the filings, Petitioner's first seven (7) claims relate to purported ineffective assistance that she received from either trial or appellate counsel. The Sixth

6

Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. "The proper standard for attorney performance is that of reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 680 (1984). "To succeed on an ineffective assistance claim, a petitioner must show that counsel's performance was both deficient and prejudicial." *McCormick v. United States*, No. 22-5587, slip op. at 2 (6th Cir. June 27, 2023). To establish "deficient" performance, Petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The Court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and review counsel's conduct "in light of the information known [to counsel] at the time of the decision." *Id.* at 688-89. To establish "prejudice," Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because Petitioner "must satisfy *both* prongs" of the *Strickland* test, "the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc).

### i. Petitioner's Fourth Amendment Claims Lack Merit (Claims One Through Three).

Claims One through Three all relate to Petitioner's assertion that her counsel failed to take appropriate action in light of her purportedly illegal arrest. The United States asserted that Claim One is procedurally defaulted because Petitioner did not raise her trial counsel's failure to file a motion to suppress on appeal [*See* Doc. 8 at 4 in case number 3:22-CV-119]. But Petitioner contended that her appellate counsel "wouldn't" raise this issue [Doc. 1 at 4 in case number 3:22-

CV-119]. So, for Petitioner's benefit, the Court liberally construes Petitioner's first claim as one for ineffective assistance against appellate counsel. *See McCormick*, 977 F.3d at 528.

Although "failure to file a suppression motion does not constitute per se ineffective assistance of counsel," it may support a conclusion that counsel's performance was deficient. *See Kimmelman v. Morrison*, 477 U.S. 365, 384-85 (1986). Petitioner may show prejudice if she "proves that h[er] Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Id.* at 375. But "failing to raise wholly meritless claims is neither deficient nor prejudicial." *Moody v. United States*, 958 F.3d 485, 492 (6th Cir. 2020); *see also United States v. Holmes*, No. 23-5012, slip op. at 2 (6th Cir. June 22, 2023) ("[C]ounsel need not brief issues that are non-meritorious in counsel's reasoned opinion.").

The Fourth Amendment protects "against unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. "When officials violate those commands, courts ordinarily suppress the resulting evidence." *United States v. Harney*, 934 F.3d 502, 505 (6th Cir. 2019). "An officer 'cannot reasonably presume' that a 'facially deficient' warrant is valid." *Id.* (quoting *United States v. Leon*, 468 U.S. 897, 923 (1984)). But "[a] warrantless arrest in public qualifies as a reasonable 'seizure' so long as officers have probable cause that the arrestee committed a crime." *United States v. Baker*, 976 F.3d 636, 642 (6th Cir. 2020) (quoting *United States v. Watson*, 423 U.S. 411, 417-24 (1976)). To have probable cause, officers "must be aware of 'facts and circumstances' sufficient to allow a prudent person to think the arrestee has committed or is about to commit a crime." *United States v. Price*, 841 F.3d 703, 706 (6th Cir. 2016) (quoting *Radvansky v. City of Olmstead Falls*, 496 F.3d 609, 614 (6th Cir. 2007)). Probable cause also exists "[w]hen the police already have reasonable suspicion that

8

a person has committed a crime, and the suspect later flees from the police." *Id.* "Reasonable suspicion" must be founded on "a particularized and objective basis." *Id.*

Here, Petitioner cannot show that a Fourth Amendment argument would be meritorious such that it could support her ineffective assistance of counsel claims. Even if Petitioner's arrest warrant was facially deficient, law enforcement officers had probable cause to lawfully arrest Petitioner. On July 18, 2018, West Virginia officers received reports of several similar home invasion robberies, the latest of which occurred on July 17, just one (1) day earlier. The reports described male and female assailants who drove a black Chevrolet Malibu sedan. Law enforcement also learned that Petitioner and her male codefendant used a black Chevrolet Malibu sedan and had recently pawned several suspected stolen items. Later that day, the officers' information was confirmed when an officer saw Petitioner and her codefendant driving a black Chevrolet Malibu sedan, and video footage showed that Petitioner and her codefendant had in fact pawned items similar to those victims had reported stolen. The next day, on July 19, Petitioner fled from law enforcement when officers arrested her codefendant while he was driving the black Chevrolet Malibu sedan. And just one day later, on July 20, law enforcement arrested Petitioner. Collectively, these events provided sufficient "facts and circumstances" for law enforcement to believe Petitioner recently committed the home invasion robberies. *See Price*, 841 F.3d at 706. Petitioner's decision to flee when law enforcement arrested her codefendant reinforced that conclusion. *See id.* Timely probable cause supported Petitioner's arrest. On this record, Petitioner's Fourth Amendment argument would be meritless. *See Moody*, 958 F.3d at 492; *Holmes*, No. 23-5012, slip op. at 2. Therefore, her ineffective assistance claims based on that meritless argument fail. *See Kimmelman*, 477 U.S. at 384-85.

9

### ii. Petitioner Does Not Have A Right To Receive All Discovery (Claims Four and Five).

Petitioner's fourth and fifth claims—related to ineffective assistance of counsel for allegedly not giving Petitioner discovery—do not provide a basis for relief under Section 2255. As an initial matter, Petitioner's claims do not explain what specific discovery or *Brady* materials she believes counsel should have given her. Petitioner, therefore, has not "state[d] the factual bases underpinning" these claims. *See Jimenez*, 2022 WL 2610337, at *3 n.3; Rule 2(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Even if she had, "an attorney's failure to share discovery materials with his client does not amount to ineffective assistance of counsel." *United States v. Stewart*, No. 8-124, 2011 WL 382206, at *4 (E.D Ky. Jan. 4, 2011) (collecting cases). Petitioner cannot demonstrate that her counsel's conduct was "deficient." *See McCormick*, No. 22-5587, slip op. at 2. Accordingly, these ineffective assistance of counsel claims fail. *See Nichols*, 563 F.3d at 249.

### iii. Petitioners' Remaining Ineffective Assistance Claims Are Conclusory (Claims Six And Seven).

Petitioner's final two (2) ineffective assistance of counsel claims are conclusory and therefore do not entitle her to relief. Petitioner has not provided any factual support related to her contention that her attorney "allowed Federal law enforcement and the U.S. Attorney to fabricate and change eyewitness statements and descriptions" at trial [*See* Doc. 1 at 5 (Claim Seven)]. Nor has she identified any facts tending to support her assertion that her attorney "[a]llowed U.S. And [sic] law enforcement to withhold evidence" [*Id.* at 12 (Claim Six)]. Without any facts, the Court cannot determine that any action of Petitioner's counsel was deficient or prejudiced Plaintiff. *See Elzy v. United States*, 205 F.3d 882, 885 (6th Cir. 2000) (holding as "wholly insufficient" the "conclusory statement" that "counsel's failure to raise the issue either at sentencing or on direct

appeal constitutes ineffective assistance of counsel"); *see also Wogenstahl v. Mitchell*, 668 F.3d 307, 335-36 (6th Cir. 2012) (same). On this record, Petitioner has failed to meet her burden to state valid claims under Section 2255 for ineffective assistance of counsel in Claims Six and Seven. *See Strickland*, 466 U.S. at 694; *Gabrion*, 43 F.4th at 578.

### B. Petitioner's Claim Related To "Perjury" Is Barred By Procedural Default, Which Petitioner Has Provided No Basis To Excuse (Claim Eight).

Finally, procedural default bars Plaintiff's eighth claim. Generally, when a petitioner brings a claim under Section 2255 that "was not raised on direct appeal, it is procedurally defaulted." *Moore v. Mitchell*, 708 F.3d 760, 804 (6th Cir. 2013). Petitioner may only raise a procedurally defaulted claim if she "can first demonstrate either 'cause' and actual 'prejudice,' or that [s]he is 'actually innocent.'" *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). On appeal, Petitioner did not challenge her sentence based on the purported "perjury" by a law enforcement officer at her sentencing hearing. This claim is therefore procedurally defaulted. *See Moore*, 708 F.3d at 804. And Petitioner has not provided any basis for the Court to conclude that "good cause," actual "prejudice," or "actual[] innocence" excuses Petitioner's default on an issue affecting her sentence. *See Bousley*, 523 U.S. at 623 (defining "actual innocence" as a showing that "it is more likely than not that no reasonable juror would have convicted h[er]"); *Jacobs v. United States*, No. 20-5761, 2021 WL 5014093, at *7 (6th Cir. Oct. 28, 2021) (refusing to excuse procedural default where petitioner failed to "even argu[e] that he is innocent or that he had cause, let alone excusable cause, for failing to raise" a claim). Because Petitioner's eighth claim is procedurally defaulted and she has not met her burden to excuse the procedural default, the Court denies her eighth claim. *See Peveler*, 269 F.3d at 698.

### C. Certificate Of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, this Court must "issue or deny a certificate of appealability" upon the entry of a final order adverse to Petitioner. A certificate of appealability is necessary for Petitioner to appeal the Court's ruling. 28 U.S.C. § 2253(a), (c)(1)(B). A certificate of appealability may issue only when Petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). A "substantial showing" requires Petitioner to demonstrate that reasonable jurists would find that the Court's assessment of Petitioner's claims is "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would question the Court's analysis of Petitioner's claims. Accordingly, the Court **DENIES** a certificate of appealability.

## IV. Conclusion

Because Petitioner is not entitled to relief under Section 2255, the Court **DENIES** Petitioner's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" [Doc. 131] and **DISMISSES** Petitioner's civil action, case number 3:22-CV-119-KAC-DCP. The Court further **DENIES** a certificate of appealability. An appropriate judgment will enter in Petitioner's civil case.

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge